JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Tom Winters

### DEFENDANTS
Casella Waste System, Inc., et al.

(b) County of Residence of First Listed Plaintiff: Bradford, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Rutland, VT
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
David Chrispell, Esq.
815 Busti Sugargrove Rd.
Jamestown, NY 14701   (716) 664-1558

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question *(U.S. Government Not a Party)*
☐ 2  U.S. Government Defendant
☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☒ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29USC1161
Brief description of cause:
Negligence (Premises) and Failure to send Cobra notice.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ +75,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE 7/29/2014
SIGNATURE OF ATTORNEY OF RECORD /s/ [signature]

**FOR OFFICE USE ONLY**
RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

| | | |
|---|---|---|
| Tom Winters | ) | |
| | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| Casella Waste System, Inc., individually and in its Capacity as Fiduciary and Plan Administrator of the Casella Waste System, Inc. Employee Benefit Plan and Casella Waste Management of N.Y., Inc. | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Casella Waste Systems, Inc.
25 Greens Hill Lane
Rutland, VT 05701

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Tom Winters )
)
)
)
)
*Plaintiff(s)* )
v. ) Civil Action No.
Casella Waste System, Inc., individually and in its )
Capacity as Fiduciary and Plan Administrator of the )
Casella Waste System, Inc. Employee Benefit Plan )
and Casella Waste Management of N.Y., Inc. )
)
*Defendant(s)* )

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)* Casella Waste Management of N.Y., Inc.
25 Greens Hill Lane
Rutland, VT 05701

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
*Signature of Clerk or Deputy Clerk*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| TOM WINTERS, | ) | |
| | ) | CIVIL ACTION |
| Plaintiff, | ) | |
| | ) | NO. |
| vs. | ) | |
| | ) | JURY TRIAL DEMANDED. |
| CASELLA WASTE SYSTEM, INC, individually | ) | |
| and in its Capacity as Fiduciary and Plan | ) | Plaintiff's Counsel: |
| Administrator of the CASELLA WASTE | ) | David Chrispell, Esq. |
| SYSTEM, INC. EMPLOYEE BENEFIT PLAN | ) | NY Id. No. 2514016 |
| and CASELLA WASTE MANAGEMENT OF | ) | 815 Busti Sugargrove Rd. |
| N.Y., INC., | ) | Jamestown, NY 14701 |
| | ) | T: (716) 664-1558 |
| Defendants. | ) | F: (716) 664-2463 |
| | ) | |
| | ) | Richard Shenkan |
| | ) | Shenkan Injury Lawyers, LLC. |
| | ) | 6550 Lakeshore St. |
| | ) | West Bloomfield, MI 48323 |
| | ) | T: (248) 562-1320 |
| | ) | F: (888) 769-1774 |
| | ) | *Pro Hac Vice Motion to be Filed* |

## COMPLAINT

1. Plaintiff Tom Winters brings this action to secure redress from Defendant Casella Waste System, Inc. ("Employer / Plan Administrator") for violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 USC §§1001 *et seq*. More specifically, Plaintiff alleges violation of the amendments to ERISA in the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), 29 USC §§1161-1168, and also pursuant to 28 USC §1331.

2. COBRA requires that an employer must provide the plan administrator with notice of any qualifying event concerned a covered employee or qualified beneficiary within thirty days of that qualifying event, and the plan administrator then must notify the qualified individual of his rights under COBRA within fourteen days of receiving that notice. An employee experiencing a qualifying event has sixty days from the coverage termination or date of notice of COBRA rights, whichever is later, to elect to continue his benefits under COBRA.

3. COBRA creates a private cause of action for employees whose rights under COBRA, including rights to notice, are violated.

4. When an employee is provided health insurance benefits until a time later than his last day of work, the exhaustion of a plaintiff's right to health insurance coverage under the employer is the qualifying event under COBRA.

5. Plaintiff alleges that Defendant violated COBRA by failing to provide timely COBRA election notices following Defendant's termination of Plaintiff's health insurance benefits.

6.      Plaintiff also alleges negligence on behalf of Defendant Casella Waste Management of N.Y., Inc. ("Property owner") for negligent failure to properly maintain its premises so that the premises was reasonably safe for use by Plaintiff.

## VENUE AND JURISDICTION

7.      This Court has jurisdiction under 28 U.S.C. §1331, 29 U.S.C. §1132(e)(2), and 28 U.S.C. §1391.

8.      Venue and personal jurisdiction in this district are proper for the reason that the unlawful acts alleged occurred within this District.

## PARTIES

9.      Plaintiff is an individual who resides at 121 Prospect St., Sayre, Pennsylvania.

10.     Defendant Casella Waste Systems, Inc. ("Casella") is a Delaware corporation, that has a principal place of business in Elmira, Chemung County, New York and its principal corporate office at 25 Greens Hill Lane, Rutland, VT 05701. The Chief Executive Officer of Casella is John W. Casella.

11.     Casella is a publicly traded company which reported revenues for the first quarter of 2014 in the amount of $118.9 Million.

12.     Casella has implemented an Employee Benefit Plan which provides, inter alia, health benefits to its employees, which is partially insured through Blue Cross and Blue Shield and partially self-funded. The plan has more than 1,200 participants. Plaintiff was one of those participants.

13.     Defendant Casella Waste Management of N.Y., Inc. ("Property Owner") is a New York corporation, that owns the subject real estate leased to Casella Waste System, Inc. Its principal corporate office is located in the same building as Casella Waste Systems, Inc. at 25

3

Greens Hill Lane, Rutland, VT, 05701. Like Casella, the Property Owner's Chief Executive Officer is John W. Casella.

14. Casella Waste Management of N.Y., Inc. is a separate and distinct business from Plaintiff's sole Employer, Casella Waste Systems, Inc.

15. Casella Waste Management of N.Y., Inc. is owned and managed by officers and/or directors of Casella Waste Systems, Inc.

16. Plaintiff was, at all relevant times, an employee of Casella Waste Systems, Inc. only, and no dual employment relationship existed.

17. Casella Waste Management of N.Y., Inc. Casella Waste Systems, Inc. and its tenant, Casella Waste Systems, Inc., at the direction of John Casella, serving as CEO of both enterprises, have orchestrated a system whereby when Casella has actual and/or constructive notice of a dangerous condition (such as the subject defective stairs at issue), at property owned by Casella Waste Management of N.Y., Inc. and leased to Casella Waste Systems, Inc., when an agent of Casella reports a defect to Casella management.

18. At all relevant times, Casella Waste Management of N.Y., Inc. had the absolute right to perform inspections at its discretion at any of its premises leased to Casella at any time.

## FACTS

19. At the time of Plaintiff's injury, Plaintiff was employed by Defendant Employer as a garbage truck driver.

20. Through Plaintiff's employment with Defendant Employer, Plaintiff was provided with a group health plan. Blue Cross Blue Shield are believed to have acted as a third party administrator for the self-funded plan.

21. On or about August 6, 2012, Plaintiff was injured in a work-related incident, wherein Plaintiff fell through a stairs at premises owned and maintained by Casella Waste Management of NY, Inc. "Property Owner").

22. At all relevant times, Defendant Property Owner had the Elmira, New York facility under its exclusive care, custody, control, supervision, and maintenance, for the use and convenience of business visitors, employees, members of the public, and in particular, Plaintiff.

23. At all relevant times, Plaintiff's presence on Defendant Property owner's premises was lawful, he was a business invitee on the premises.

24. August 6, 2012 was Plaintiff's last day of active work with Defendant Employer.

25. Due to the work-related injury on the premises of Property Owner, Plaintiff suffered a subsequent fall at his home where he broke his clavicle and obtained additional injuries and worsened other injuries.

26. Since August 6, 2012, Plaintiff has been unable to return to work.

27. Plaintiff filed a Workers Compensation claim in Pennsylvania on August 14, 2012 which is still pending.

28. Among the injuries caused by the falls are depression and anxiety which had been treated with Zoloft, having been paid by the Employee Benefits Plan.

29. Without any notice, the Employee Benefits Plan abruptly terminated coverage which resulted in an adverse spiraling of his psychiatric state – causing Plaintiff to self-medicate with alcohol. According to Dr. Richard E. Fischbein, an expert psychiatrist, the affect of the abrupt termination of this psychotropic drug has resulted in Plaintiff's dire need for in-patient alcoholic rehabilitation.

30. The Employer is believed to have terminated insurance coverage on August 1, 2013.

31. Following Defendant Employer's termination of coverage of Plaintiff, Plaintiff did not receive a proper COBRA election notice as required by 29 U.S.C. §1166.

32. This fact is confirmed when Scott C. Slavick, record custodian of Casella, provided all records in connection with Thomas Winter's employment when such records were sought in connection with the worker's compensation proceeding. The records produced to which he affirmed were exhaustive did not include a COBRA notice. A copy of the Affidavit of Compliance is attached hereto as **Exhibit A**.

33. To date, Plaintiff has not received a proper COBRA election notice.

### COUNT I – COBRA NOTICE VIOLATION
**Against Defendant Casella Waste System, Inc.**

34. Plaintiff incorporates paragraphs 1-33.

35. COBRA defines "covered employee" as "an individual who is (or was) provided coverage under a group health plan by virtue of the performance of services by the individual for 1 or more persons maintaining the plan." 29 U.S.C. §1167(2).

36. At all relevant times, Plaintiff was covered employee covered under the provisions of COBRA. 29 U.S.C. §1167(2).

37. At all relevant times, Defendant Employer was the plan administrator, employer, and/or plan sponsors pursuant to the provisions of ERISA and the COBRA requirements. 29 U.S.C. §1167(4); 29 U.S.C. §1002(16)(A), (B).

38. Defendant Employer provided Plaintiff with a "group health plan" as employees and/or beneficiaries.

39. Defendant Employer's termination of Plaintiff's health insurance coverage on August 1, 2013 was a "qualifying event" pursuant to 29 U.S.C. §1163(2).

40. Following the termination of Plaintiff's health insurance coverage, he was not timely notified of his rights pursuant to COBRA, in violation of 29 U.S.C. §1166(a)(2), (c).

41. The Defendant Employer's failure to timely provide COBRA notice was done in bad faith, was willful and in reckless disregard of the law.

42. As a direct and proximate result of the aforesaid unlawful acts of Defendant Employer, Plaintiff did not receive timely notice of his COBRA election rights and has suffered damages, including, but not limited to, the loss of health insurance benefits, the increased cost of obtaining health insurance benefits, the loss of coverage for medical expenses, increase financial debt and distress, the aggravation and worsening of health conditions, and mental and emotional distress.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against Defendant Casella Waste System, Inc. in whatever amount is shown to be established by the proofs in this cause, including, but not limited to Plaintiff's actual damages, the remedies/damages/penalties available to them as set forth in 29 U.S.C. §1132 and other damages/relief that this Court deems appropriate, together with interest, costs, and reasonable attorney fees.

## COUNT II – NEGLIGENCE
### Against Casella Waste Management of N.Y., Inc.

A. **Compensatory Damages**

43. Plaintiff incorporates paragraphs 1-42.

44. At all relevant times, Defendant Property Owner had a duty and responsibility to operate and maintain, in a proper and safe condition, the premises on which Plaintiff was injured.

7

45. At all relevant times, Defendant Property Owner had a duty to repair, supervise and/or maintain the dock and stairs on which Plaintiff was injured.

46. At all relevant times, Property Owner retained control over the premises or was contractually obligated to perform maintenance and repairs and/or had the right to inspect the premises and contracted for the repair of the dangerous defect to the stairs.

47. The subject property is located at 1618 Sears Rd., Horseheads, New York, 14903 which was leased to Employer.

48. At all relevant times, Plaintiff acted with reasonable caution and care for his own safety.

49. At all relevant times, the Property Owner and/or agents working on its behalf, were on <u>actual</u> notice that the steps were dangerous, in considerable unsafe disrepair, and should not have been used.

50. The Property Owner or its agents had contracted with an entity to repair the stairs; however, failed to close-down the stairs until such were repaired. The name of the entity and person(s) to whom were contracted to perform repairs are presently unknown.

51. No warning signs or tape were placed on the dangerous stairs to alert Plaintiff and others of the known inherently dangerous condition.

52. The failure to post warnings and the hazardous condition of the stairs relating to the inadequate design and/or structure violated applicable statutes, regulations, and administrative and building codes.

53. Property Owner and/or Employer is believed to have deliberately failed to preserve evidence, including photographic evidence, of the state of the disrepair so that

Plaintiff's expert can reasonably opine as to all statutory, regulatory, and administrative / code violations.

54. At all relevant times, Plaintiff was severely injured through no fault of his own.

55. At all relevant times, Plaintiff was a business invitee.

56. At all relevant times, Plaintiff has acted to mitigate any and all damages sustained as a result of the dangerous premises owned and operated by Defendant Property Owner.

57. The dock and stairs where Plaintiff was injured was in disrepair, and created an unreasonably dangerous condition on the property, which led to the stairs breaking beneath Plaintiff, who used the dock and stairs for their intended and known purpose.

58. Defendant Property Owner's failure to keep the dock and stairs in a reasonably safe condition caused physical and mental harm to Plaintiff as a result of the dangerous conditions caused by the part of the land controlled and maintained by Defendant Property Owner.

59. In the alternative (or in addition), Defendant Property Owner's exercise of reasonable care should have and would have discovered the condition and unreasonable risk involved herein, and should have made the condition safe, though failed to do so.

60. In the alternative (or in addition), Defendant Property Owner concealed or failed to disclose to Plaintiff the dangerous condition on the property, which involved an unreasonable risk of physical harm to Plaintiff.

61. In the alternative (or in addition), at all relevant times, Plaintiff did not know or have reason to know of the dangerous conditions or risks involved, though Defendant Property Owner knew or had reason to know of such dangerous conditions, appreciated, realized, or

should have realized the risk involved, and had reason to expect that Plaintiff would not discover the dangerous condition or realize the risk.

62. In addition, Defendant Property Owner further breached its duty to exercise reasonable care under the circumstances in the following ways:

    a. Negligent hiring, training, supervision, and retention of maintenance personnel to ensure that reasonable inspections were performed on a reasonably frequent basis and that the dangerous conditions at issue were detected and adequately remedied;

    b. Failing to maintain its premises in a reasonably safe condition for the contemplated use thereof and for the purpose for which the invitation to Plaintiff was extended;

    c. Failing to make a reasonable inspection of the premises;

    d. Failing to detect the dangerous condition of the dock and stairs;

    e. Failing to implement adequate safeguards, including warnings;

    f. Failure to replace and/or repair the dock and stairs which were in disrepair;

    g. Negligent maintenance;

    h. Negligent inspection;

    i. Negligent repair; and,

    j. Otherwise failing to exercise due care under the circumstances as may be determined through discovery or at the time of trial.

63. As a direct and proximate result of Defendant Property Owner's negligence, Plaintiff suffered numerous severe injuries, including injury to both of his shoulders, hips, and ribs, emotional distress, lost earnings, reduced or permanently impaired earning capacity, deprivation of the ordinary pleasures of life, punitive damages, past and future medical treatment and costs.

b.  **Punitive Damages**

64. Plaintiff incorporates paragraphs 1-67.

65. Property Owner, or its agents, KNEW that the stairs were in disrepair.

66. Property Owner, or its agents, commissioned an entity to repair the dangerous condition though never bothered to alert people, such as Plaintiff, not to use the steps.

67. The Property Owner acted recklessly, wantonly, and with a conscious disregard to the known risk that anyone who would use the dangerous stairway would likely fall through the stairs, failed to repair the stairwell or otherwise stop people from using it (i.e., marking it off with tape, barriers, or signage). Such conduct has a high degree of moral culpability, was so reckless and wantonly negligent as to be the equivalent with and in conscious disregard to the rights and safety of the general public, including Plaintiff.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against Defendant Casella Waste Management of N.Y., Inc. in whatever amount is shown to be established by the proofs in this cause, including an award of punitive damages, together with interest, costs, and reasonable attorney fees.

Respectfully submitted,

David Chrispell
815 Busti Sugargrove Rd.
Jamestown, NY 14701
T: (716) 664-1558
F: (716) 664-2463

**JURY DEMAND**

Plaintiff demands trial by jury.

David Chrispell

11

## AFFIDAVIT OF COMPLIANCE

I, _Scott C. Scavick_, the undersigned, being duly sworn according to law, depose and say, pursuant to 18 Pa. CS. §4904, as follows:

(1) I am the duly authorized custodian of records for Casella Waste Systems, Inc.

(2) The records attached hereto are true and correct copies of all personnel related records in my custody pertaining to Tom Winters.

(3) A careful search has been made by me or at my direction and supervision, and the records produced constitute all records relating to Tom Winters' employment.

_____     _7/3/14_
Signature of Custodian           Date

**EXHIBIT A**